**IN THE COURT OF APPEALS OF IOWA**

No. 16-0602
Filed May 25, 2016

**IN THE INTEREST OF K.V., A.V., J.V., K.V., C.F., AND D.J.,**
**Minor children,**

**S.V., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

The mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Norman L. Springer Jr. of McGinn, McGinn, Springer & Noethe, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Phil R. Caniglia, Council Bluffs, for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother of six children appeals the termination of her parental rights. Because we agree with the district court that termination is in the children's best interests, we affirm.

## I. Background Facts and Procedural History

The children, ranging in age from six to thirteen, came to the attention of the Iowa Department of Human Services (DHS) in September 2014. According to some of the children, the mother was using illegal substances in their presence. The mother soon became homeless, and the children were placed with either relatives or one of the fathers. The children were adjudicated in need of assistance after a November 19, 2014 hearing.

After extensive services were offered to the mother, but with a lack of progress in addressing the barriers to reunification, the State filed a petition to terminate the mother's parental rights in January 2016. On March 22, 2016, the district court found the State had proved by clear and convincing evidence grounds to terminate her rights under Iowa Code section 232.116(1)(b), (e), (f), (i), and (*l*) (2015). The mother appeals.[1]

## II. Standard of Review

Our review of termination of parental rights proceedings, including a best interests finding, is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

---

[1] The parental rights of two of the three fathers were also terminated, and they do not appeal.

### III. Best Interests of the Children

The mother does not challenge any of the grounds upon which the district court terminated her parental rights. Her only assertion on appeal is that termination is not in the children's best interests. In making a best-interests determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2).

In this case, the children have been out of the mother's home since October 2014, and the mother only attended nine out of forty-four offered visits with the children. The last time she saw the children was five months before the termination hearing. According to the DHS report prepared March 1, 2016, the mother was "called upon to submit to random drug screens on 26 occasions from February 2, 2015 to October 16, 2015 . . . and she has not submitted to any drug screens since her involvement with Iowa DHS." The mother admitted in her testimony that she was using methamphetamine "off and on" during the pendency of this case.

She testified she has been in and out of jail at least ten times since October 2014 and she was incarcerated at the time of the termination hearing. Her recent convictions were for crimes including child endangerment, forgery, probation violation, unlawful possession of prescription drug, and first-degree harassment. Her most recent conviction was in October 2015 for a controlled substance violation, which carried a sentence not to exceed five years. Although the mother testified she is in the process of completing her GED and participating

in parenting classes, she has only been able to make this progress while in the controlled environment of incarceration.

The district court found:

> These children deserve permanency and can't continue to indefinitely wait for their mother . . . to step up and assume the role of being a parent. All of these children are in permanent placements. All of these placements are stable and meet the needs of these children. . . . Terminating parental rights provides the permanency needed to allow the children to move on with their lives in their current placements without fear of disruption. Terminating parental rights gives them stability and consistency.

We agree, and therefore affirm the district court's termination of the mother's parental rights.

**AFFIRMED.**